Sicholson, C. J.,
delivered the opinion of the Court.
In 1857, B. L. Wilkes sold a tract of land of three hundred and one acres, in Giles county, to A. J. Gilmore, for $6,000, taking several notes for *87 tbe purchase money, and executing a bond for title. All tbe notes have been paid, except tbe last for $1,338, which was assigned by B. L. "Wilkes to James H. Wilkes.
B. L. Wilkes and A. J. Gilmore are both dead; James T. Moore is administrator of the former. Will. J. Craig was executor of Gilmore, but having resigned, Charles W. Smith .was appointed administrator with the will annexed.
Craig, as executor of Gilmore, sold the land in separate parcels to Jno. T. Short and Simpson A. Patterson — the former paid all the price for his portion, but the latter still owes about $500. But the last of the original notes for the purchase money, for $1,333, held by James H. Wilkes, remains unpaid. James H. Wilkes and James T. Moore, as administrator of B. L. Wilkes, file this bill to enforce the payment of the $1,333, against the whole tract of land of three hundred and one acres. Will. J. Craig, Charles W. Smith, and the widow and children of A. J. Gilmore, are defendants. .
The Chancellor made a decree subjecting the whole tract to the payment of the note for $1,333 and interest, but ordered that the portion brought by Patterson should first he sold, and if that did not yield enough to satisfy the debt, then that portion bought by Short should he sold.
From this decree Patterson appealed.
This decree is erroneous in this, that it orders the land of Patterson to he first sold for the satisfaction of the whole debt. The record shows that *88 Short and Patterson purchased from Craig as executor of Gilmore on the same day, and there is nothing contradicting the inference that the purchases were simultaneous. The rule, therefore, that the land last sold shall be subjected to the lien in preference to that first sold,, does not apply. The whole tract was alike subject to the lien. Nor does the fact that Short had paid the whole of his purchase to Craig or Smith, while Patterson still owes $500 for his portion, justify the order for the sale of Patterson’s portion of the land for the whole debt.
The decree will be so modified, that both tracts, constituting the whole of the original tract, will be subjected to the satisfaction of the unpaid purchase money — but the portion of the tract bought - by Patterson will be charged, in addition to its proportionate shai’e of the debt, with the residue of his purchase from Craig; and the portion of the tract purchased by Short will be subjected to the residue .of the pui’chase money. With this modification the decree of the Chancellor will be confirmed. The costs of this Court will be paid by the administrator, Chas. W. Smith, out of the assets of the estate of Gilmore.